Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Theron D. Morrison, Esq. (10331 UT)
theron@morlg.com
MORRISON LAW GROUP
290 25th Street, Suite #102
Ogden, Utah 84401
Telephone: (801) 392-9324
Facsimile: (801) 337-2087

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| PEGGY HOLLIDAY, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br>vs.<br><br>KNIGHT ADJUSTMENT BUREAU,<br><br>　　　　　Defendant. | <u>PROPOSED CLASS ACTION</u><br><br>**COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C § 1692 ET SEQ.**<br><br>**JURY TRIAL DEMANDED**<br><br>Case No: 1:20-cv-00037-DBB<br>Judge: David Barlow |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Peggy Holliday, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Knight Adjustment Bureau, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt alleged to be owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain directly to Plaintiff, which Plaintiff alleges on his personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All the conduct engaged in by Defendant took place in the District of Utah.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9. Because Defendant does business within the State of Utah and is registered with the Utah Secretary of State, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because the events leading to the cause of action occurred in the City of Ogden, County of Weber, State of Utah.

11. At all times relevant, Defendant conducted business within the State of Utah.

## PARTIES

12. Plaintiff is a natural person who reside in the City of Ogden, County of Weber, State of Utah.

13. Defendant is located in the City of Salt Lake, State of Utah.

14. Plaintiff is a natural person allegedly obligated to pay a debt, and are each a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. Sometime before July 16, 2019, Plaintiff is alleged to have incurred certain financial obligations.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).
18. Sometime thereafter, but before July 16, 2019, Plaintiff allegedly defaulted on the payments alleged to be owed on the alleged debt.
19. Subsequent to the alleged default, but before July 16, 2019, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.
20. Shortly after July 16, 2019, Plaintiff received a collection letter from Defendant dated July 16, 2019. In the letter Defendant attempted to collect the alleged debt from Plaintiff.
21. On or about October 3, 2019, Plaintiff sent a letter via facsimile to Defendant to the number 801-359-1195 indicating that Plaintiff's attorney, Theron Morrison, represented Plaintiff and provided Mr. Morrison's contact information.
22. Surprisingly, despite having been put on notice that Plaintiff was represented by Mr. Morrison, Defendant sent a subsequent letter directly to Plaintiff dated November 8, 2019.
23. Defendant was aware that Plaintiff was represented by an attorney before November 8, 2019.
24. Defendant did not send the November 8, 2019 communication to Plaintiff's attorney.
25. In fact, Plaintiff's attorney had no knowledge of the November 8, 2019 letter from Defendant until Plaintiff forwarded the letter to Plaintiff's attorney.
26. Through this conduct, Defendant violated 15 U.S.C. § 1692c(a)(2) by contacting a consumer who the Defendant knew was represented by an attorney and Defendant had contact information for Plaintiff's attorney.

27. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).
28. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.
29. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).
30. The November 8, 2019 letter sent by Defendant is deceiving in that it suggests to the least sophisticated consumer that Defendant is attempting to circumvent the protections that an attorney could provide to Plaintiff and force Plaintiff to make an uneducated decision.
31. When Plaintiff read this letter, she was emotionally distraught.
32. Because of Defendant's conduct, Plaintiff feels like she is in a hopeless situation.
33. In drafting the FDCPA, Congress felt that it was important for collectors to be truthful in their efforts and communications. Defendant's failure to contact Plaintiff through Plaintiff's attorney, put Plaintiff at risk for making uninformed decisions in fear which could lead to further harm to the consumer.
34. Defendant's direct contact with Plaintiff put Plaintiff at risk for making a decision without the advice of Plaintiff's attorney.
35. As a result of Defendants' abusive conduct, Plaintiff suffered actual damages in the form of mental anguish and emotional distress, which was manifested by symptoms including but not limited to: stress, anxiety, worry, restlessness,

irritability, embarrassment, loss of sleep, feelings of hopelessness, and helplessness all impacting his job and personal relationships.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

36. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

37. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

38. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

39. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

                                                      Respectfully Submitted,

Dated: April 3, 2020                    **KAZEROUNI LAW GROUP, APC**

                                      By:   <u>*/s Ryan L. McBride*</u>
                                                Ryan L. McBride, Esq.
                                                *Attorney for Plaintiff*